SHREVE, Respondent, v. SKEELE, Appellant.

1. Plaintiff brought his action before a justice on an account amounting in the aggregate to one hundred and thirty dollars, reduced by credits to eighty two dollars within the jurisdiction of the justice. Defendant filed a set-off amounting to eighty-nine dollars and seventy-five cents, including items identical with the corresponding items in the plaintiff's credits. Both accounts are admitted to be correct. Defendant claimed judgment against plaintiff for seven dollars and seventy-five cents, and plaintiff claimed judgment for forty dollars and seventy-five cents, the difference between his original account and the admitted set-off of defendant. *Held*, that defendant was entitled to judgment for forty dollars and seventy-five cents.

*Appeal from St. Louis Law Commissioner's Court.*

The facts will appear in the opinion of the court.

*Shreve, pro se.*

*Eaton,* for appellant.

NAPTON, Judge, delivered the opinion of the court.

There is no controversy in this case as to the facts ; nor does there seem to be any doubt that the plaintiff is entitled to the sum of forty dollars and twenty-five cents, for which he obtained a judgment. The question appears to be altogether one of costs, depending on the right of the plaintiff to select the jurisdiction he did, which, under the circumstances, is disputed.

The plaintiff sued before a justice on an account for one

Shreeve v. Skeelè.

hundred and thirty dollars, reducing it, however, by credits to eighty-two dollars. The defendant filed an offset, containing items amounting to eighty-nine dollars and seventy-five cents. Both accounts are admitted to be correct. The defendant, however, insists on a judgment for seven dollars and seventy-five cents, the difference between his set-off and plaintiff's account, as reduced by credits. But as the credits inserted in the plaintiff's bill of items are identical with the corresponding items in the defendant's set-off, the plaintiff insists on a judgment for forty dollars and twenty-five cents, the balance in his favor, calculating the difference between the amount of the plaintiff's bill originally ($130) and the defendant's set-off of eighty-nine dollars and seventy-five cents. To this he is clearly entitled, if there is no obstacle from the want of jurisdiction in the court.

The admission of the defendant's set-off must be understood, as we suppose it was designed simply as an admission of the correctness of the charges; but as a portion of the charges were included in the credits entered by the plaintiff in his accounts, they must be thrown out of the calculation in estimating the amount of the defendant's set-off to his account for eighty-two dollars.

Whether a plaintiff ought to be allowed, where there is a running account between him and his adversary, to reduce his claim by admitting just enough of the counter-claim to bring it within the jurisdiction of a justice, is a matter of some doubt. But, as in this case it does not appear that the defendant's claim, as it stands originally, without any reduction, would be determinable in any other form than the one selected by the plaintiff, it is not perceived that any injury has been sustained by the defendant.

The judgment is therefore affirmed. The other judges concur.